[No. 12836.   Department Two.   November 29, 1915.]

JOSEPH BARTOLINI *et al.*, *Respondents*, v. GRAYS HARBOR RAILWAY & LIGHT COMPANY, *Appellant*.[1]

CARRIERS—PASSENGERS—EJECTION—DAMAGES—NOMINAL DAMAGES—EXCESSIVE VERDICT. A judgment for $300 for damages through being ordered off a street car upon which plaintiff was entitled to ride, having transfers for himself and wife, is excessive and the result of passion or prejudice, and only nominal damages in the sum of one dollar can be recovered, where there was no evidence of mental anguish or suffering and no financial loss except the street car fare.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered November 21, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort. Reversed.

*Bridges & Bruener*, for appellant.

*A. Emerson Cross*, for respondent.

[1]Reported in 153 Pac. 4.

HOLCOMB, J.—Respondents boarded a car operated by appellant, and paid their fares to go to their home between Hoquiam and Aberdeen, having with them their baby and baby carriage. They were obliged to make a transfer from the first car to another to complete the journey, and when they left the first car to board the second, the husband having secured transfers when he paid their fares, he carried the baby, the baby carriage was on the street, and the wife preceded the husband and entered the car.

The husband testified that, as he was about to follow his wife, and had just stepped on top of the platform in the back of the car, the conductor said to him: "I wont let you ride, you Dago;" that he said to the conductor: "I have got my transfers. I have got my baby buggy too;" that the conductor replied: "I don't care for your buggy; you get down pretty damn quick, you Dago." He further testified that he obeyed the order of the conductor and got off the car, first following the motion the conductor made with his arm to get off; that his wife followed him off the car and, when she was about to step off the last step, the conductor started the car and she came near falling down; that he took care of his wife from the shaking up and dizzy feeling she experienced as a result of starting the car before she got off; that there were five or six passengers in the car at the time the conductor ordered him off; that the conductor never asked him to hang the baby carriage on the outside rear end of the car and never pointed to the hook to hang the baby carriage on; that the conductor never said anything about the baby buggy.

The wife testified to their getting on and off the car; that she went first into the car; that she heard the conductor speaking to her husband crossly, but could understand nothing that was said except the word "Dago" spoken by the conductor; that the conductor started the car when she was just stepping off the last step, and she came near falling;

that at the time she was in a pregnant condition.    The husband could understand very little English, the wife none.

The testimony as to what was said was in sharp conflict. The conductor, motorman, and a lady who was not an employee of appellant but a passenger on the car, testified that the conductor did not call the man any names, but told him to hang the baby buggy on the hook at the rear, and pointed to it.    The jury, however, resolved the facts in favor of respondents, and gave them a verdict for $300.    A motion for new trial was made, one of the grounds of which was that the verdict was grossly excessive.    The motion was denied.

There was not the slightest physical injury to the husband. The wife was not, even assuming the truth of respondents' testimony, ordered off the car, but voluntarily got off.    There was no testimony of any "mental anguish or suffering." There was no financial loss, except a portion of the small street car fare.    There was, in fact, simply a naked violation of a legal right, which would entitle respondents to nothing more than nominal damages.    A verdict for $300 is clearly the result of passion and prejudice, and is not warranted.

This case is governed by the decision of this court in *Wilson v. Sun Pub. Co.*, 85 Wash. 503, 148 Pac. 774.    Respondents are entitled to nominal damages and nothing more.    The judgment is reversed, and the cause remanded with instructions to enter judgment for nominal damages in the sum of $1, in favor of respondents.    Appellant will recover costs of appeal.

MORRIS, C. J., MAIN, MOUNT, and PARKER, JJ., concur.